UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ISRAEL WEBB,**

    **Plaintiff,**

  v.                                                              Case No. 25-CV-648-SCD

**STATE OF WISCONSIN MILWAUKEE POLICE DEPARTMENT,**

    **Defendant.**

---

## SCREENING ORDER

---

On May 5, 2025, Israel Webb filed a complaint alleging that a Milwaukee police officer shot him while Webb was unarmed, compliant, and partially handcuffed. Webb, who is proceeding without the assistance of counsel, has requested a waiver of the court's filing fee. Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

Webb has demonstrated that he is not financially able to pay the fees and costs of commencing this action. Although he claims to have no expenses, he also does not have a job or any assets. *See* ECF No. 2 at 1–4. Based on that information, it appears Webb lacks the ability to pay the filing fee in this case.

Webb's complaint contains the following allegations. *See* ECF No. 1 at 2–3. On November 14, 2022, Webb's neighbors called the police and gave them bad information.

Milwaukee police officer Darius Wade arrived at Webb's home to investigate the complaint; he was alone, unprepared, and unprofessional. Due to poor training and failure to practice protocols, Officer Wade stumbled, and his body camera fell off. Webb was upset and emotional at the time but unarmed and non-threatening. Webb complied when Officer Wade cuffed one of Webb's hands. Nevertheless, when Webb attempted to ask a question and tried to surrender, Officer Wade shot him. Webb spent ten months in jail before the charges against him were dropped. He seeks $13.5 million in damages and a promise that the police will be better trained and able to talk before pointing a gun. ECF No. 1 at 4.

It does not appear that this action is frivolous, fails to state a claim, or seeks monetary relief against an immune defendant. Webb alleges that Officer Wade shot him while he was unarmed, compliant, and partially handcuffed. Liberally construed, those allegations—at this stage at least—are sufficient to state an excessive force claim against Officer Wade. *See Johnson v. Scott*, 576 F.3d 658, 660 (7th Cir. 2009) ("It is well established that a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders."). Webb also alleges that Officer Wade was poorly trained on how to handle the situation and trigger-happy. Those allegations are barely sufficient—again, at the initial screening process—to state a claim against the Milwaukee Police Department. *See Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (permitting suits against police departments for having a policy of failing to train its officers) (citing *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978)). Neither Officer Wade nor the police department is immune from monetary relief for Webb's alleged claims.

Accordingly, the court **GRANTS** the plaintiff's non-prisoner request to proceed in district court without prepaying the filing fee, ECF No. 2. The clerk of court shall update the

2

Case 2:25-cv-00648-SCD   Filed 05/29/25   Page 2 of 4   Document 4

docket to reflect the two defendants named within the plaintiff's complaint: the Milwaukee Police Department and officer Darius Wade.

Pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4, the United States Marshals Service shall serve a copy of the complaint, a waiver of service form, and this order upon the defendants. Although I have permitted the plaintiff to proceed without paying the filing fee in this case, the plaintiff still is responsible for the cost of serving the complaint on the defendants. *See* 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. *See* 28 C.F.R. § 0.114(a)(2) and (a)(3). Although Congress requires me to order service by the U.S. Marshals Service precisely because a plaintiff allowed to proceed without paying the filing fee is indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The plaintiff's filings shall be mailed to the following address:

United States District Court
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS; it will only delay processing this matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff does not need to mail copies to the defendants. *See* E.D. Wis. Gen. L. R. 5(a). The defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document for his own files.

Failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this entire action. In addition,

3

the plaintiff must immediately notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED** this 29th day of May, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge

4

Case 2:25-cv-00648-SCD   Filed 05/29/25   Page 4 of 4   Document 4